WALTER A. WARD, Respondent, *v.* FREDERICK W. CLARK, Appellant.

LUCY P. WARD, Respondent, *v.* FREDERICK W. CLARK, Appellant.

Fourth Department, November 12, 1919.

**Motor vehicles — collision at intersection of streets — failure of driver having right of way to look to the left — negligence and contributory negligence — when occupant of car not chargeable with negligence as matter of law.**

While the General Highway Traffic Law which regulates traffic at street intersections where traffic officers are not stationed provides that " every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right," it does not mean that the driver having the right of way may heedlessly cross the intersecting street without giving any attention to vehicles from his left.

Hence, where the driver of an automobile, having the right of way at the intersection of the street, continued without looking to his left and was struck by the plaintiff's car, which was coming from that direction and which he could have seen if he had looked, he is properly chargeable with negligence.

But the plaintiff also is chargeable with negligence barring a recovery where it appears that he saw the defendant's car which had the right of way approaching the intersection of the streets with unslackened speed over a slippery pavement on a dark night and attempted to pass in front of said car because he was somewhat nearer the street crossing.

But a verdict in a separate action in favor of the plaintiff's wife, who was riding with him at the time of the collision, will be affirmed, for the negligence of her husband is not imputable to her, and this, although knowing that her husband saw the defendant's car, she made no outcry. By keeping still under the circumstances and relying upon her husband's judgment, she was not negligent as a matter of law.

APPEAL in both actions by the defendant, Frederick W. Clark, from judgments of the Supreme Court in favor of the plaintiffs, Walter A. Ward in the first action and Lucy P. Ward in the second action, entered in the office of the clerk of the county of Monroe on the 17th day of May, 1919, upon the verdict of a jury for $350 in the first action and for $1,000 in the second action, and also from orders entered in said

clerk's office on the same day denying defendant's motion in each action for a new trial made upon the minutes.

*Benton, Lewis, McKay & Bown* [*George A. Benton* of counsel], for the appellant.

*William MacFarlane,* for the respondents.

KRUSE, P. J.:

These actions arise out of a collision between two automobiles, a Ford and a Hudson sedan. The collision occurred on the evening of January 23, 1919, at the intersection of two streets in the city of Rochester. It was dark and had been raining. The plaintiff Walter A. Ward was driving a Ford car easterly; with him were his wife and two other ladies. The defendant was driving the Hudson north.

The Hudson car had the right of way where the cars collided, but the Ford car reached there first. The driver of the Ford saw the Hudson car approaching and could have avoided the collision if he had stopped or slowed up long enough, but he continued on despite the fact that he knew defendant had the right of way. The defendant did not see the Ford car until the instant of the collision. He did not look to his left at all; he looked only to the right for cars which had the right of way over his car. Both cars had lights, but no warning was given by either driver as he approached the point of intersection. The driver of the Ford car first saw the Hudson car approaching when it was about 150 feet from where the cars afterward collided, and the Ford car was about half as far away from that point, the speed of the cars was then about the same, twelve or fifteen miles an hour.

When the Ford car was about thirty or forty feet from the point of collision the driver looked again; he slowed up for an instant; saw the Hudson car approaching; thought it was about thirty or forty feet farther away from the point of intersection than he was; then opened the throttle of his car and started to cross; he looked to the left and then ahead, and before he had time to look again, as he says, he was hit. He admits that he knew at that time that the Hudson car had the right of way.

Immediately after the collision the defendant admitted that

he was at fault, but he contended upon the trial, and contends here, that he is in no way legally responsible for the collision, because he had the right of way over the Ford car.

While the General Highway Traffic Law regulates traffic at street intersections where traffic officers are not stationed, by providing that "every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right" (General Highway Traffic Law, § 12, subd. 4), that does not mean that the driver having the right of way may heedlessly cross the intersecting street without giving any attention to vehicles from his left.

The Highway Law specifically requires that motor vehicles shall be driven in a careful and prudent manner on public highways and at a rate of speed so as not to endanger the property of another, or the life or limb of any person. (Highway Law, § 287, as added by Laws of 1910, chap. 374.)

While the defendant was required to be watchful for vehicles at his right, which had the right of way over his car, he was also required to use reasonable care and diligence to avoid other collisions. The slightest glance to the left would have disclosed the approaching Ford car and the danger of a collision.

As regards the driver of the Ford car, I think he also was careless; he should not have taken the chances of attempting to cross ahead of the Hudson car. If the Hudson car had been far enough away so that a person, in the exercise of reasonable care and prudence, would have been justified in believing that he could safely pass over the intersection ahead of the Hudson car without danger of a collision, the driver of the Ford car would have been blameless. But his car was only thirty-five or forty feet nearer the street intersection than the Hudson car which had the right of way. The night was dark, the pavement slippery and the Hudson car was coming on with unslackened speed. Under such circumstances I think the driver of the Ford car was negligent as a matter of law in attempting to cross ahead of the Hudson car.

As to the wife, I think the jury could properly find her free from fault. The negligence of her husband, the driver, is not imputable to her. It is true that she saw the approaching car

and said nothing, but she knew her husband saw the approaching car and it was not until the instant before the collision that she became aware he intended to cross ahead of the other car. She naturally relied upon the judgment of her husband in driving the car. Accidents in driving automobiles are often quite as likely to happen as to be averted by outcries and unwarranted suggestions and interference with the driver. I think we should not hold that the wife, by keeping still, was negligent as a matter of law.

The judgment in favor of the wife should be affirmed, with costs, and that in favor of the husband reversed and his complaint dismissed, with costs.

All concurred.

In the first case: Judgment and order reversed, with costs, and complaint dismissed, with costs. In the second case: Judgment and order affirmed, with costs.