MARY DREGER, as Executrix, etc., of JOHN F. DREGER, Deceased, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, January 21, 1920.

Street railroad — negligence — collision between automobile truck on which plaintiff's intestate was riding and electric train — contributory negligence — evidence.

In an action for the death of plaintiff's husband resulting from the collision, at a signal crossing, between an automobile truck on which he was riding and defendant's electric train, it was alleged that the defendant was guilty of negligence in operating its train at a high rate of speed across a road in a city in violation of a city ordinance limiting the speed of street railway trains to twelve miles an hour. It appeared that although both the driver and the decedent saw the train approaching at a speed of from twenty-five to fifty miles an hour when they were approximately 900 feet from the crossing the driver immediately accelerated his speed to from twelve to twenty-five miles an hour and so continued until he was practically at the crossing; that there was an unobstructed view of defendant's railroad for approximately 1,700 feet from the crossing; that a station-stop whistle was blown when the train was 1,000 feet and several sharp blasts when it was from 75 to 100 feet from the crossing; that no passengers were waiting for the train at said crossing and it had not been signaled to stop, and that the driver, although seeing other automobiles which had presumably stopped about 50 feet from the crossing to let the train pass, drove upon the track.

Held, that the evidence was sufficient to warrant a finding against the defendant upon the question of negligence; but in view of the rule that in a death case the burden of proof is imposed upon the defendant to establish contributory negligence it cannot be held as a matter of law that the deceased was guilty of such negligence.

Whether the deceased could have done anything to prevent the accident after it became apparent that there was danger in crossing was a question of fact for the jury.

CLARK and LAMBERT, JJ., dissent, with opinion.

APPEAL by the defendant, International Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 20th day of June, 1919, upon the verdict of a jury for $4,000, and also from an order entered in said clerk's office on the

23d day of June, 1919, denying defendant's motion for a new trial made upon the minutes.

*Cohn, Chormann & Franchot [Clarence R. Runals* of counsel], for the appellant.

*Sullivan, Bagley & Wechter [Joseph A. Wechter* of counsel], for the respondent.

KRUSE, P. J.:

I concur with Mr. Justice CLARK in his opinion upon the question of the defendant's negligence, holding the evidence sufficient to warrant a finding against the defendant upon that question. But, in view of the rule that in a death case like this the burden of proof is imposed upon the defendant to establish contributory negligence, I think we cannot hold as a matter of law that the deceased was guilty of such negligence.

This is not a case of failure to look and listen for trains approaching a highway crossing. The deceased, as well as the driver, saw the street car approaching. The fact that no one was waiting at the usual stopping place to take the car did not indicate that none would get off there. The usual stop signal had been given and the city ordinance required the street car to slow down to twelve miles an hour in passing over the crossing. Whether the deceased could have done anything to prevent the accident after it became apparent that there was danger in crossing, was, I think, a question of fact for a jury. (*Ward* v. *Clark,* 189 App. Div. 344.)

I am of the opinion that the case was properly submitted to the jury upon the question of contributory negligence, as well as the negligence of the defendant, and that the judgment and order should be affirmed, with costs.

All concur, except LAMBERT and CLARK, JJ., who dissent in an opinion by CLARK, J.

CLARK, J. (dissenting):

On the 14th day of July, 1918, at about seven-fifteen P. M., and long before dark, plaintiff's testator, while riding with one William Jagow as his guest, was killed as the result of a

collision with one of defendant's electric trains at what is known as the Ward road crossing on the outskirts of the city of North Tonawanda. It was a signal station of defendant's road where passengers were taken on and let off on signal.

On the afternoon in question decedent and another gentleman, the Rev. Mr. Leupold, were intending to take the train at this Ward road station for Buffalo, and William Jagow, the owner of a Ford auto truck, undertook to take these gentlemen to the station. The driver was seated on the left side of the seat, testator sat on the same seat at the right of the driver, and Rev. Mr. Leupold was on the right-hand side of decedent, the three gentlemen sitting on the only seat in the truck, and the top was down.

They were proceeding southerly on the Ward road and when between 800 and 900 feet from the crossing, the driver, sitting immediately at decedent's left, observed a train coming from the west on defendant's road, and exclaimed, " Here she comes," and he immediately accelerated the speed of his truck, and continued at that increased speed until he was practically at the crossing. The truck was going from twelve to twenty-five miles an hour, according to the versions of the different witnesses. The train when first seen by the driver was approximately 900 feet westerly from the crossing, and approaching at a speed variously estimated by witnesses at from twenty-five to fifty miles an hour.

As travelers go south on the Ward road a practically unobstructed view of defendant's railroad from the west can be had for approximately 1,700 feet westerly from the crossing, and the motorman of an east-bound train, if looking, could see travelers approaching the crossing from the north an equal distance. When the train was 1,000 feet from the crossing one long whistle was blown, called a station stop whistle, and several short and sharp blasts were blown when the train was from 75 to 100 feet from the crossing.

No passengers were waiting for the train at the crossing and it had not been signaled to stop. There was no depot or waiting room for intending passengers at this point, and no platform, but cinders had been placed alongside the track and tightly packed down, so passengers in getting on or off the trains would be stepping on a fairly clean surface. One,

and some witnesses say two automobiles going southerly on the Ward road and just ahead of the truck in which decedent was riding, had stopped about fifty feet north of the crossing, presumably to let the train pass, and when Jagow's car came along he drove past the standing automobiles and onto the track ahead of the train, the rear end of his truck was struck by the trolley car, all three of the occupants of the truck were thrown out, and plaintiff's testator was killed.

Plaintiff, as executrix of her husband's estate, brings this action, charging that defendant was guilty of negligence in operating its train at a high rate of speed across a road in a city in violation of a city ordinance limiting the speed of street railway trains to twelve miles an hour.

Defendant denies its negligence and charges that plaintiff's testator was guilty of contributory negligence which would preclude a recovery here.

The evidence was of such a character that the jury could have found that the car was going at a high rate of speed, from forty to fifty miles an hour in the opinion of some witnesses, but it was undisputed that when it struck the Ford truck the latter was thrown against a telephone pole with such force that it was broken off in two or three places.

Moreover, the trolley car was being operated in violation of an ordinance of the city of North Tonawanda, which limited the speed of street railway cars through and across certain streets to twelve miles an hour. (Ord. June 7, 1906, amdg. Ord. chap. 2, § 8.) That ordinance was competent evidence (*Lovas* v. *International R. Co.*, 223 N. Y. 627), and its violation could be properly considered by the jury on the question of defendant's negligence, and the finding that the defendant was negligent in the manner in which it operated its trolley train was supported by sufficient competent evidence.

But defendant claims that the testator was negligent, and the burden assumed by defendant of establishing that proposition has been fully met in my opinion.

Undoubtedly the decedent knew of the approach of the trolley train. For several hundred feet north of the crossing — surely a safe distance therefrom — the driver had exclaimed, " Here she comes," and the oncoming train was in plain view

of the testator as well as the driver at the time that exclamation was made. The driver and owner of the truck increased his speed evidently with the purpose of beating the train to the crossing. He was clearly negligent, and while his negligence was not imputable to the testator, the latter being merely a passenger, he was nevertheless chargeable with the duty of exercising reasonable care for his own safety. He was in good health, sixty-nine years old, had good eyesight and was in full possession of all his faculties. He could see the train as it approached the crossing at a sufficient distance therefrom so that he was in a position of absolute safety, and it is fair to assume that he did see it, for the driver sitting at his side saw it long before there was any danger, and spoke about it, but instead of stopping north of the crossing in a place of safety as the other automobiles had been stopped, he increased his speed and drove on carelessly and recklessly until the accident occurred. All this deceased had full knowledge of, for he sat right by the side of the driver and in full view of the crossing and the oncoming trolley train. But the evidence is that he did nothing whatever, either by word or act, to dissuade the driver from going onto the crossing ahead of the trolley.

Even though deceased was a passenger it was his duty to use his senses as he approached that crossing, to look and listen and to prevent as far as it was in his power the driver from crossing the track in front of a rapidly approaching train. The evidence is that he did absolutely nothing to stop the driver, or to avoid the collision, and his failure in that regard established contributory negligence on his part that will preclude a recovery here. (*Read* v. *N. Y. C. & H. R. R. R. Co.*, 123 App. Div. 228; *Klinczyk* v. *Lehigh Valley R. R. Co.*, 152 id. 270; *Brickell* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 290.)

A new trial could not change the result on the question of testator's contributory negligence, for both of the surviving witnesses who were with decedent, and sat on the same seat with him on the truck, testified that he did not raise a hand or do a thing or say a word after the approaching trolley car was discovered to prevent the driver from going on the crossing ahead of the train.

Under these circumstances the judgment and order appealed from should be reversed, and judgment directed in favor of defendant dismissing complaint, with costs.

LAMBERT, J., concurs.

Judgment and order affirmed, with costs.