IVAN V. HOOD, Respondent, *v.* HARRY F. STOWE, Appellant.

Third Department, May 5, 1920.

Motor vehicles — negligence — whether defendant excusable on ground of excitement and confusion question for jury — liability of defendant for injury caused by his trying to avoid collision with third person — duty of automobile driver who has right of way at street intersection — new trial not granted on ground of newly-discovered evidence which does not affect result.

In an action to recover damages caused by the defendant's automobile colliding with the plaintiff's motorcycle in which the defendant contended that the collision was due to the fact that he was confused and frightened in an attempt to avoid a collision with another automobile at a street intersection and because of such confusion and fear he failed to apply the emergency brake and instead of throwing the car out of gear he held it in low speed, the question of the defendant's confusion and excitement

---

* Amdg. Real Prop. Law of 1896, § 87.— [REP.

† Consol. Laws, chap. 50 (Laws of 1909, chap. 52), §§ 105, 107, as amd. by Laws of 1918, chaps. 403, 578.— [REP.

in the presence of danger and the extent to which he should be excused by reason thereof was for the jury.

If the defendant was negligent in creating a situation between his own car and the car of a third person he is responsible for damage caused to the plaintiff in an endeavor to extricate himself from the situation thus created by his own negligence.

The fact that the defendant had the right of way over the car of the third person at the street intersection did not excuse him from the duty of alertness and doing what he reasonably could to avoid a crisis; he could not close his eyes to approaching danger simply because he had the right of way.

The verdict in favor of the plaintiff was supported by the evidence.

A new trial will not be granted on the ground of newly-discovered evidence which is merely cumulative in nature and could not have affected the result.

APPEAL by the defendant, Harry F. Stowe, from a judgment of the County Court of Chemung county in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 14th day of May, 1919, upon the verdict of a jury; also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 23d day of August 1919, denying defendant's motion for a new trial on the ground of newly-discovered evidence.

*Thomas M. Losie,* for the appellant.

*Babcock & Gregg* [*William W. Gregg* of counsel], for the respondent.

COCHRANE, J.:

Church street in the city of Elmira extends easterly and westerly and is crossed at right angles by Baldwin street extending northerly and southerly. The plaintiff was riding his motorcycle south on Baldwin street and had stopped or was in the act of stopping at his right curb on the westerly side about twenty feet north of the northerly curb of Church street when the defendant's automobile driven by himself came up on its wrong side of the street and struck the motorcycle and pushed it with the plaintiff across the sidewalk. For injuries thus received by the plaintiff he brings this action. The explanation of this occurrence is that the defendant while proceeding westerly on Church street and in the act of crossing

Baldwin street almost had a collision with one Georgia who was driving a car northerly on Baldwin street. In order to avoid a collision the two cars swerved; Georgia to the left and the defendant sharply to the right, turning northerly into Baldwin street, and before he stopped his car it struck the plaintiff's motorcycle. The defendant himself testified that when he made his sharp turn to the north he was only going from five to eight miles an hour and that proceeding at ten miles an hour his car could have been stopped in ten feet. As a matter of fact he proceeded more than twenty feet before he reached the motorcycle. He did not apply the emergency brake and he pressed his foot on the wrong pedal so that instead of throwing the car out of gear he was holding it in low speed. Clearly on his own testimony he might have stopped his car before he struck the motorcycle. His excuse is that he was frightened because of the danger of a collision with Georgia, and that he should be excused on that ground. The question of his excitement and confusion in the presence of danger was one for the consideration of the jury. *First*, they were not obliged to accept his testimony that he was frightened; and *second*, although they may have found that he was confused and excited because of fright the extent thereof and the extent to which he should be excused on that ground were questions entirely for their consideration. They were properly instructed on that point. The court charged the jury " that the law makes allowances for mistakes and for errors of judgment which are likely to happen upon such an emergency. In other words, the law does not demand the same coolness and self-possession which are required when there is no occasion for alarm or for loss of self-control. The plaintiff must fail if the evidence does not show that the injury was the result of some cause for which the defendant is responsible." It was also within the province of the jury to find the defendant negligent in contributing to the crisis between himself and Georgia. The strong point in his favor on this branch of the case is that he had the right of way over Georgia and reached the intersection first. It is conceded by both parties that if both cars had kept on their course the Georgia car would have struck defendant's car back of the front seat. The fact that the driver of a car has the right of way does not, however, excuse him from

the duty of alertness and doing what he reasonably can to avoid a crisis. (*Ward* v. *Clark,* 189 App. Div. 344.) He cannot close his eyes to approaching danger simply because he has the right of way. There was no difficulty at this intersection in either defendant or Georgia having a fair view of the approach of the other. The defendant testifies that when twenty or twenty-five feet easterly of the curb line of Baldwin street he looked to the south, a position which gave him a view of more than one hundred and fifty feet to the south on Baldwin street. He says that he then saw no car in sight and that the first that he was aware of the approach of Georgia was when he was about to be hit by the Georgia car. It was a fair question for the jury whether the defendant ought not to have been sooner aware of the approach of that car even though it may have been coming as he implies at a rapid rate of speed. There was no other traffic in the way and neither he nor Georgia had anything to do except to keep out of the way of each other. But there is another element in the case. The defendant was asked to tell " how this accident happened beginning where you left home and lead right up to it." He described what he did in crossing the street and makes no claim that he blew his horn and there is not a word in the entire record about the horn. Clearly it was his duty to use it under the circumstances here existing, or at least the jury may have found that it was his duty to do so, and I think they were at liberty to find that he neither looked nor signaled. The evidence sustains the verdict and although the defendant suggests some errors in the charge to the jury we find none requiring a reversal of the judgment.

The defendant also appeals from an order denying a motion for a new trial on the ground of newly-discovered evidence. This motion was based on an affidavit of a letter carrier to the effect that he was passing on the sidewalk and saw the occurrence. All that he says in his affidavit is that the defendant was traveling at a moderate rate of speed and that Georgia was coming up rapidly and recklessly. There is no claim that the defendant's speed was immoderate. He fixed his own rate of speed and he is the only witness who testified on that subject. Neither did any witness testify as to the speed of the Georgia car except as it may be inferred from the defendant's own

testimony that he must have come up at a rapid rate. But no matter how negligent Georgia may have been it does not excuse the defendant if he was also negligent. The testimony of the letter carrier could not have affected the result.

I recommend that the judgment and order denying a new trial on the minutes be affirmed, with costs, and that the order denying a new trial on the ground of newly-discovered evidence be affirmed, without costs.          ·⌋

Judgment and order denying a new trial on the minutes unanimously affirmed, with costs, and order denying new trial on the ground of newly-discovered evidence unanimously affirmed, without costs.          ·