ANTHONY SCHULTZ, Appellant, *v.* JOHN J. NICHOLSON, Respondent.

(Supreme County, Erie Special Term, July, 1921.)

Negligence — rules of the road — intersecting streets — one- approaching from right has not an absolute right of way regardless of the distance of approaching vehicle from street crossing — evidence — question for jury — Highway Law, § 287.

Section 287 of the Highway Law should not be construed as giving those approaching from the right the absolute right of way under any and all conditions regardless of the distance an approaching vehicle may be from a street crossing, but should be interpreted to mean that when two vehicles approach a street crossing so that if both continued on their way a collision would be likely, the vehicle on the left must give way to the one on the right.

If the relative positions of the two vehicles are such that, in the exercise of reasonable care and prudence, the driver on the left would be justified in believing that he could safely pass over ahead of the other without danger of collision, then he may proceed to do so.

Plaintiff at about eleven o'clock at night was driving a horse and baker's wagon along a city street sixty-five feet wide, at about ten miles an hour. Upon looking to the right when he reached the corner he saw defendant coming down the intersecting street and about two hundred and fifty feet away. Judging that defendant was going at about twenty-five miles an hour, plaintiff, thinking that he could safely cross, proceeded and reached the other side of the street on which defendant was when his hind wheel was struck by defendant's automobile. Plaintiff's horse was beyond the other side of said street when the collision took place, and from the point where plaintiff first saw defendant's machine to the point where he was hit, was about fifty-eight feet. *Held,* that the evidence tended to show negligence on the part of the defendant and that a judgment entered upon granting defendant's motion for a nonsuit will be reversed and a new trial granted on the ground that upon the evidence the questions both as to defendant's negligence and as to plaintiff's contributory negligence were for the jury.

It was a fair inference that had defendant been looking ahead he would have seen plaintiff's horse and wagon and by slightly turning his machine would have avoided the accident.

On appeal from a nonsuit the appellant is entitled to the most favorable view which the testimony will permit.

APPEAL from a judgment of the City Court of Buffalo, granting a nonsuit in an action where a jury had been empannelled for the trial of the action.

Frank Harding, for appellant.

Julius A. Schreiber, for respondent.

WHEELER, J.   A nonsuit having been granted by the judge presiding at the trial court, the appellant, on the consideration of this appeal, is entitled to the most favorable view of the evidence which the testimony will permit.

In substance, this testimony is to the effect that the plaintiff was driving a horse and a baker's wagon northwest out Niagara street in the city of Buffalo, on January 1, 1921, at about eleven fifteen P. M.   When he reached the corner of South Elmwood avenue, he looked to the right northerly up Elmwood avenue and saw the defendant coming down Elmwood avenue above Mohawk street, and about two hundred and fifty feet away.   The plaintiff was driving at about ten miles an hour.   He judged the defendant going at about twenty-five miles an hour.   Thinking he could safely cross, the plaintiff proceeded and had reached the westerly side of Elmwood avenue when his hind wheel was struck by the defendant's automobile.   Plaintiff's horse was beyond the westerly line of Elmwood avenue when the collision took place.   Elmwood avenue is sixty-six feet wide, and from the point where the plaintiff first saw defendant's machine to the point he was hit was about fifty-eight feet.

Supreme Court, July, 1921. [Vol. 116.

The fair inference from this testimony is that had the defendant been looking ahead he would have seen the plaintiff's horse and wagon, and by slightly turning his machine would have avoided hitting the plaintiff's rig.

We think this testimony tended to show negligence on the part of the defendant, for although the General Highway Traffic Law provides that: " Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right;" nevertheless the same statute provides that motor vehicles shall be driven in a careful and prudent manner, and at a rate of speed so as not to endanger the property, or the life or limb of any other person. Highway Law, § 287, added by Laws of 1910, chap. 374.

These acts, the courts hold, do not give the driver having the right of way, the privilege of heedlessly crossing an intersecting street without giving any attention to vehicles coming from his left. *Ward* v. *Clark,* 189 App. Div. 344; *Hood* v. *Stowe,* 191 id. 614, 617.

It is claimed, however, that the plaintiff was guilty of contributory negligence in attempting to cross South Elmwood avenue, and, therefore, he cannot recover.

We do not interpret the statute as giving those approaching from the right the absolute right of way under any and all conditions regardless of the distance such an approaching vehicle may be from a street crossing. It should be interpreted to mean that where two vehicles approach a street crossing so that if both continued on their way a collision would be likely, that then the vehicle on the left must give way to the one on the right. If the relative positions of the two vehicles are such that, in the exercise of reasonable care and prudence, the driver on the left would be

justified in believing that he could safely pass over ahead of the other without danger of collision then he may proceed to do so. *Ward* v. *Clark*, 189 App. Div. 344, 346.

I am, therefore, of the opinion that, upon the evidence presented, the trial court was in error in holding as a matter of law, that the plaintiff could not recover. We think the evidence presented questions of fact for the jury to pass on, both as to the defendant's negligence and as to the plaintiff's contributory negligence.

The judgment should, therefore, be reversed and a new trial had in the court below, with costs to abide the event.

Judgment reversed.