## PLINE *v.* PARSONS.

1. APPEAL AND ERROR—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE— EVIDENCE VIEWED FAVORABLY FOR PLAINTIFF ON DEFENDANTS' MOTION FOR DIRECTED VERDICT.

    In determining whether there was error in refusing to direct a verdict in favor of defendants, on the ground that the evidence shows no negligence on their part, and that plaintiff's decedent was guilty of contributory negligence, the facts must be viewed in the light most favorable to plaintiff.[1]

2. NEGLIGENCE—MOTOR VEHICLES—EXCESSIVE SPEED EVIDENCE OF NEGLIGENCE.

    Testimony that an automobile driver, when approaching an intersection, was driving at an excessive and unlawful rate of speed, is cogent evidence of negligence.[2]

3. SAME—RIGHT OF WAY AT HIGHWAY INTERSECTION.

    The provision of section 5, subd. *a*, Act No. 96, Pub. Acts 1923, that a motor vehicle on a State trunk line highway

[1]Appeal and Error, 4 C. J. §§ 2709, 2872; [2]Motor Vehicles, 28 Cyc. p. 47.

On evidence as to speed of automobiles or other road vehicles, see note in 34 L. R. A. (N. S.) 778.

On violation of statute or ordinance giving one vehicle right of way over another as affecting liability for injury, see notes in 5 L. R. A. (N. S.) 252, 256; L. R. A. 1915D, 1021; L. R. A. 1917D, 693.

approaching an intersection has the right of way over a vehicle approaching on the intersecting highway does not apply unless there is a vehicle on the favored road near enough to demand the right of way, depending to some extent upon the relative positions of the vehicles.[3]

4. SAME—DRIVERS APPROACHING INTERSECTION MUST USE DUE CARE.
It is the duty of drivers of automobiles approaching a highway intersection to use due care to avoid injury to others.[4]

5. SAME—CONTRIBUTORY NEGLIGENCE—DRIVER REASONABLY PRUDENT NOT GUILTY OF NEGLIGENCE IN CROSSING INTERSECTING TRUNK LINE HIGHWAY.
If the circumstances are such as to induce in the mind of a driver of an automobile approaching a State trunk line highway intersection, acting as a reasonably prudent man, the belief that he had time and opportunity to cross before a vehicle approaching on said trunk line would reach the intersection, he cannot be said to be negligent because he makes the attempt to cross.[5]

6. SAME—DRIVER CROSSING HIGHWAY NOT BOUND TO KNOW THAT APPROACHING VEHICLE IS EXCEEDING SPEED LIMIT.
An automobile driver attempting to cross a State trunk line highway at an intersection is not bound to know, at his peril, that an automobile approaching thereon is exceeding the speed limit.[6]

7. SAME — CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW NOT SHOWN BY EVIDENCE.
Where there was evidence that when an automobile driver was within 34 feet of the center of the intersection, an approaching automobile on a State trunk line was 238 feet or more from that point, and that when he was just entering upon the pavement and had but 18 feet to go in crossing it, the approaching car thereon was from 132 to 165 feet distant, it cannot be said, as a matter of law, that he was guilty of contributory negligence in attempting to cross.[7]

Error to Kent; Brown (William B.), J.    Submitted April 10, 1925.    (Docket No. 51.)    Decided June 18, 1925.

---

[3]Motor Vehicles, 28 Cyc. p. 34; [4]Id., 28 Cyc. p. 37; [5]Id., 28 Cyc. p. 37; [6]Id., 28 Cyc. p. 37; [7]Id., 28 Cyc. p. 49.

Case by Mae E. Pline, administratrix of the estate of Peter N. Pline, deceased, against Vere N. Parsons and another for the negligent killing of plaintiff's decedent.    Judgment for plaintiff.    Defendants bring error.    Affirmed.

*Rodgers & Rodgers* and *John J. McKenna*, for appellants.

*Lombard, McIntyre & Post,* for appellee.

CLARK, J.    Defendants, assigning error, say that the evidence shows no negligence on their part, and that plaintiff's decedent was guilty of contributory negligence as a matter of law.    About noon, August 2, 1924, plaintiff's decedent, Peter N. Pline, was driving a Ford car west on a highway near Grand Rapids, known as Alpine road.    Defendant Edna Parsons was driving a Hudson sedan, owned by her husband, the other defendant, south on State trunk line M-54, a paved road, 18 feet wide.    As he approached the intersection, deceased's view to the north was obstructed by bushes along the roadside (except a space of about 20 feet about 60 feet east of the pavement) until he reached a point 34 feet from the center of the trunk line, from which point his view to the north, at least 1,200 feet, was unobstructed.    On the Alpine road there was a stop sign 75 feet from the east side of the pavement.    Deceased stopped there, and, at a speed, according to plaintiff's witnesses, of 7 or 8 miles an hour, then attempted to cross the trunk line.    The Hudson car was approaching the intersection at a speed, according to plaintiff's witnesses, of 50 to 55 miles per hour, or more.    North of the intersection, 521 feet, was a culvert.    A railing on the east side of the pavement ended 500 feet north of the intersection, and a railing on the west side ended 252 feet north.    A maid of Mrs. Parsons rode the rear seat of the sedan.    She testified:

"Just north of that cross road, a little way down the hill, was a bridge, a little culvert with some railing along there.    I saw Mr. Pline's car when he came out from behind those bushes right at the corner of the fence.    I saw him when he came in sight there at that time.    I was in the Parsons car away down there by the culvert, down by that little bridge.    We had crossed the bridge.    We were down in the valley and right near the bridge.    We just crossed over the bridge when I saw him coming in sight past those bushes.    I remember there was some railing down there.    To the best of my knowledge, there seemed to be this white guard rail on my right-hand side and on my left-hand side, at this little bridge.    At the time I first saw Mr. Pline, our car was still down there between these railings, but not on the bridge. These railings go both ways from the bridge.    I don't think we were past the railing at the time I saw him. To the best of my knowledge we were out; just got past them.    We were not on the culvert.    When I first saw him, we had just got past the bridge; I don't know how many car lengths.    I would not try to estimate it because I could not.    We were down below the hill.    When I saw Mr. Pline coming out from behind these bushes, he went straight across the road. At the time I saw him come out and start to go across, we had just crossed the bridge and were down at the foot of the hill."

Assuming the speed of the Ford car to have been 8 miles and that of the Hudson to have been 55 miles, counsel, by computation, have placed the Hudson car 238 feet north of the intersection at the instant that the Ford car reached the point 34 feet east of the center of the intersection.    There is testimony that when the Ford reached the edge of the pavement, the Hudson was then about 8 or 10 rods north of the intersection.    Testimony adduced by defendants tends to show the speed of the Hudson to have been about 30 miles, that of the Ford to have been about the same, and that deceased was to blame for what happened, but on the questions for consideration the facts must be viewed in the light most favorable to

plaintiff and they have been stated accordingly. There is testimony that Mrs. Parsons, approaching the intersection, was driving at an excessive and unlawful rate of speed. This was cogent evidence of negligence. Babbitt on Motor Vehicles (3d Ed.), § 522.

Respecting the question of contributory negligence of the deceased, we consider section 5, subd. *a*, Act No. 96, Pub. Acts 1923.

"When motor vehicles approach an intersection of a State trunk line highway and any other highway at the same time, the vehicle proceeding on the State highway trunk line shall have the right of way."

This regulation does not apply unless there is a car on the favored road near enough to demand the right of way, and this right depends to some extent upon the relative positions of the vehicles. Deceased was not required to refrain from attempting to cross merely because defendants' car was in sight, distantly approaching. If the Hudson car was so close to the intersection as to indicate, reasonably, to the deceased, that there was danger of collision if he attempted to cross, then it was his duty to wait and permit it to pass. It was the duty of each driver to use due care to avoid injury to others. If the circumstances were such as to induce in the mind of the deceased, acting as a reasonably prudent man, the belief that he had time and opportunity to cross, he cannot be said to be negligent. He was not bound to know at his peril that the other car was exceeding the speed limit.

"The regulation comes into force only when travelers are approaching the crossing so nearly at the same time and at such rates of speed that, if each proceeds without regard to the other, a collision or interference between them is reasonably to be apprehended.

"If a traveler, not having such right of procedure, comes to the crossing and finds no one approaching it upon the other street within such distance as reasonably to indicate danger of interference or collision, he

is under no obligation to stop or to wait, but may proceed to use such crossing as a matter of right.

"He may then claim the right of way under the general rule that the first arrival at the intersection has the prior right.    Hence, it is frequently a question for the jury as to which party has the right of way." Huddy on Automobiles (7th Ed.), pp. 295, 296.

Of the effect of excessive speed it is said in Berry on Automobiles (4th Ed.), § 907:

"Under an ordinance providing that when automobiles approach a street crossing from intersecting streets 'and the two vehicles are traveling at speeds that will bring them simultaneously to such intersection, the vehicle on the right shall have the right of way,' a driver of an automobile who is observing the law of the road is not required to discover at his peril the approach of one who is violating the law and yield him the right of way.

"So, where it was shown that the plaintiff approached a street crossing within the allowable rate of speed, and that defendant, approaching the same crossing from the intersecting street, was two or three times farther away from the point where their paths would intersect, it was held that the plaintiff might assume that the defendant was keeping within the lawful limit of speed, in the absence of knowledge to the contrary, and that the two vehicles were traveling at speeds which would not 'bring them simultaneously to such intersection.' "

In *Ward* v. *Clark,* 189 App. Div. 344 (179 N. Y. Supp. 466), there was a collision between a Ford car and a Hudson sedan, the latter, at the intersection, having the right of way.    The court said:

"If the Hudson car had been far enough away, so that a person, in the exercise of reasonable care and prudence, would have been justified in believing that he could safely pass over the intersection ahead of the Hudson car without danger of a collision, the driver of the Ford car would have been blameless."

See, also, *Weber* v. *Greenebaum,* 270 Pa. 382 (113 Atl. 413) ; *Salmon* v. *Wilson,* 227 Ill. App. 286; *Blum*

v. *Gerardi,* 182 N. Y. Supp. 297; *Harris* v. *P. Koenig Coal Co.,* 223 Mich. 683.

In view of the evidence that when deceased's car was 34 feet from the center of the intersection defendants' car was 238 feet or perhaps a greater distance from that point, and of the evidence that when deceased's car was just entering the east side of the pavement and had but 18 feet to go in crossing the pavement, defendants' car was then from 132 to 165 feet distant, and having the opinion that deceased was not bound at his peril to discover that defendants' car was approaching at an excessive and unlawful speed, we decline to hold deceased guilty of contributory negligence as a matter of law in attempting in such circumstances to cross the trunk line.     That question and the question of defendants' negligence were submitted to the jury under proper instructions.

Judgment affirmed.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.