GRACE W. ERWIN, ADMINISTRATRIX, ETC., RESPONDENT,
v. WILLIAM A. TRAUD, APPELLANT.

Argued November 22, 1916—Decided March 5, 1917.

A traffic regulation giving an automobile driver the right of way at a street intersection against a vehicle approaching the crossing at the same time from his left, does not relieve him of the legal duty to use reasonable care to avoid colliding with such vehicle should its driver disregard such right. In case of injury to a passenger on the latter vehicle resulting from such a collision under circumstances indicating a disregard of that legal duty, it becomes a jury question whether under all the circumstances, including the traffic regulation, there was negligence on the part of the driver having the right of way.

On appeal from the Supreme Court.

For the appellant, *Frank E. Bradner.*

For the respondent, *Lum, Tamblyn & Colyer.*

The opinion of the court was delivered by

WHITE, J. Respondent sued as administratrix of Frank C. Young, who, while a passenger on an auto-bus running west on Park avenue, in Newark, was killed in a collision between said auto-bus and the Ford automobile of the appellant, which was running south on Fifth street, a street crossing Park avenue at right angles. As appellant reached the near side of Park avenue he had a clear view eastward down that avenue which is sixty feet wide between curbs, and the jury may properly have concluded that if he had looked in that direction he would have seen the approaching auto-bus in ample time to avoid the collision. An ordinance of the city of Newark provided "every driver or operator of a vehicle approaching a street intersection shall grant the right of way at such intersection to any vehicle approaching from his right." Under the requirements of this ordinance, if the two

vehicles here involved reached the intersection substantially at the same time, appellant's car should have been permitted to cross first, and the claim is therefore made in his behalf that he was not negligent in assuming, without looking to see (if he did not look) that no vehicle was crossing from his left at the same time that he was crossing, and that there should have been a nonsuit or a direction of a verdict in his favor on this ground.

We are unable to adopt this view for two reasons—*first,* the evidence was of such a nature that it was a question of fact whether the two vehicles did reach the crossing at substantially the same time. There was evidence that appellant's car was running "very fast," at a "terrible gait," and that it struck the auto-bus on the latter's side. From this the jury were justified in finding, if they did so find, that the auto-bus reached the crossing first and was consequently entitled to cross first; *second,* the fact, if it was a fact, that appellant's car was entitled to cross before the auto-bus crossed did not absolve appellant's driver from (using the language of Mr. Justice Kalisch, in *Pool* v. *Brown,* 89 *N. J. L.* 314) his "legal duty to use reasonable care to avoid colliding with other vehicles and persons in the highway." This is not a case, as was aptly suggested by the learned trial judge in his charge to the jury, where the driver looked and saw the approaching auto-bus in a position and going at a rate of speed which justified him in thinking that it would, as in duty bound, yield the right of way to him. It was a case where the driver, as the jury from the evidence may have found, did not look to his left at all. This, we think, as a reasonably careful man he should have done where, as here, there was full unobstructed opportunity for him to have done so. In *Earle* v. *Consolidated Traction Co.,* 64 *N. J. L.* 573, this court said that while the first to reach a crossing had the right of way, yet, where it appeared to him that the other was not yielding this right, he could not recklessly proceed, but was bound to stop or to turn aside if he could by the exercise of due care do so. While this is a case where there was an equally-divided court, we, nevertheless, applied the same doctrine in

*Rabinowitz* v. *Hawthorne,* 89 *N. J. L.* 308. If, as in those cases decided, it is true that there still remains a duty to use reasonable care to avoid a collision in a case where a driver has secured a right of way by first arriving at a crossing, it must be equally true that such a duty also exists where the right of way is, as here, artificially or arbitrarily secured by municipal ordinance. There being a duty to use reasonable care to avoid a collision, and evidence indicating that such care was not used, a jury question results, although it also appears that the collision was caused by a disregard of municipal traffic regulations by the other driver, for whose action, however, respondent's decedent, as a passenger, was not responsible. The court cannot arbitrarily say that a failure to look, under such circumstances, was an exercise of reasonable care. We think the learned trial judge correctly stated the law when he charged the jury: "The fact that there was such an ordinance did not relieve the defendant from using that degree of care which was reasonable under like circumstances. You are to say from all the evidence, considering where the accident occurred, the grade of the streets, the ordinance giving vehicles coming from the right and crossing from an intersecting street the right of way, whether the accident was caused by the negligence of the defendant."

We think, therefore, that the learned trial judge was right in refusing appellant's motions for a nonsuit and for direction of a verdict in his favor.

There was also evidence of a more or less contradictory character tending to show that the driver of the auto-bus, because of having passed a touring car shortly before, instead of occupying his right hand, which was the northerly side of Park avenue, was in fact a little south of the centre of that avenue in approaching Fifth street, and that in so doing his negligence contributed to the accident. It is urged in this connection that the learned trial judge should have charged without qualification appellant's request: "If the jury is satisfied that the driver of the auto-bus was driving west on the south side of Park avenue, they must then assume that

the driver was *prima facie* negligent, and if they are further satisfied that Frank C. Young was aware of such negligence of the driver and did not request him to change his course, or warn him of the danger, or if the said Frank C. Young requested the driver to take that course on the south side of Park avenue, then they must find that Frank C. Young was also negligent."

The court said: "I so charge you, but you must recollect in applying that rule that the burden of proving the contributory negligence of Frank C. Young is on the defendant, and that there is no assumption that he was negligent unless such fact is established to your satisfaction by the evidence of the defendant."

This answer to the request was at least quite as favorable to appellant as he was entitled to have it. There was no evidence of a request from Young to drive on the south side of the street, and his observation of danger and reasonable opportunity to request a change of course was at most only surmise. The statement that Young's negligence must be established by evidence of the defendant might have been harmful if there had been any evidence on either side of such negligence, but, under the circumstanes, it amounted to nothing more than what it was obviously intended to mean, viz., that in the absence of such evidence, the burden rested with the defence to establish such negligence. We think in this connection that there was no error in the affirmance of respondent's second request to charge to the effect that contributory negligence of the driver of the auto-bus, if there was any, was not, standing alone, imputable to the passenger Frank C. Young.

We believe that the foregoing substantially answers all the specifications of error and the judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.