# LEE v. PESTERFIELD.

No. 9537—Opinion Filed March 16, 1920.

(Syllabus by the Court.)

**1. Highways—Rules of Road—Care Required at Intersections—Right of Way.**

Rule 7, sec. 11, ch. 173, Session Laws 1915, providing that "at intersecting roads or streets, vehicles approaching from the right shall have the right of way over those approaching from the left" does not mean that a vehicle not having the right of way at such intersecting streets must at its peril avoid collision with a vehicle having a right of way, irrespective of care or negligence by either party. Nor does such "right of way" release the vehicle thus favored from the duty of exercising due care not to injure another at such intersecting streets.

**2. Same—Street Intersections.**

If a person in charge of a vehicle not having such right of procedence comes to such street intersection and finds no one approaching it "from the right", within such distance as reasonably to indicate danger of interference or collision, he is under no obligation to stop or wait but may proceed in the exercise of reasonable care to such intersections.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Herman Pesterfield against John W. Lee. Judgment for plaintiff, and defendant brings error. Affirmed.

E. G. McAdams, for plaintiff in error.

Wilson, Tomerlin & Threlkeld, for defendant in error.

BAILEY, J. This action was commenced in the district court of Oklahoma county on the 3rd day of January, 1917, by defendant in error to recover of plaintiff in error certain damages alleged to have resulted to an automobile owned and operated by defendant in error and occasioned by the wrongful and negligent acts of plaintiff in error; the accident from which said damages resulted having occurred on the night of December 2, 1916, at the intersection of Tenth street and Robinson street, in the city of Oklahoma City. The evidence, as presented in the record, discloses that at the time of the accident plaintiff in error was traveling south on Robinson street, while defendant in error was traveling west on Tenth street. Both of the parties were driving heavy automobiles.

The record further discloses that the defendant in error approached the street intersection, driving at the rate of 12 or 15 miles per hour, while plaintiff in error admits operating his car at the rate of 25 miles per

hour, while disinterested witnesses testified that such speed was not less than 35 and probably 40 miles per hour. Plaintiff in error admits that at the time of the accident he had been "drinking", while other witnesses testified that he was in an intoxicated condition. The evidence further discloses that the car driven by defendant in error was to the west of the center of Robinson street when his car was struck on the rear wheel by the car driven by plaintiff in error, and the car driven on and against the curb at the southwest corner of the intersecting streets.

No exceptions were taken to the instructions to the jury given by the court. Plaintiff in error asks for a reversal of the case, and states his contention as follows:

"It is our contention that the instructions given by the court below, unquestioned and not excepted to, become the law of the case, whether correct or erroneous, and the verdict of the jury, being contrary to said instructions, is contrary to law within the meaning of our Code. And that the jury were bound to act upon it as law, and if in their verdict they disregarded it, it was the duty of the trial court, and is now the duty of this court, to set the verdict aside."

This contention is apparently predicated upon two theories: First, that the defendant in error, having testified that as he approached the intersection of Robinson and Tenth streets he observed plaintiff in error approching on Robinson street at a rapid and unusual speed, thereby admitted himself guilty of contributory negligence; and, second, that the court having instructed the jury, following the statutes of Oklahoma:

"You are instructed that under the statutes of Oklahoma vehicles meeting each other shall keep to the right of the center of the road, and at the intersection of roads or streets, vehicles approaching from the right shall have the right of way over those approaching from the left"

—such instruction as the law of the case gave plaintiff in error such preference right as required defendant in error to yield an uninterrupted passage of plaintiff in error. In so far as the question is presented as to whether the verdict is contrary to law when such verdict is contrary to the instructions of the court whether said instructions be correct or erroneous, we do not think it necessary to discuss, under our view of the record in this case, for the reason that the instructions of the court did not direct nor require the jury to return a verdict for the defendant, nor did the evidence in the case admit or necessarily establish contributory negligence on the part of the defendant in error, for, while it is true defendant in error

testified that he saw plaintiff in error approaching the street intersection at a distance of 160 feet north of such intersection, and that the plaintiff in error was traveling 35 to 40 miles per hour, he also testified:

"Q. You are satisfied that he was going at least 35 miles an hour? A. When he got up to me, I figured that."

And we think it not an unfair conclusion from the record in this case to assert that the rate of speed traveled by plaintiff in error was necessarily determined by the witness in connection with the distance actually traveled by plaintiff in error from the time he was first observed until the time of the collision and the conditions resulting therefrom. Under such state of facts, together with the proof of plaintiff in error's reckless speed, even if it were in the authority of this court to declare that such acts amounted to contributory negligence as a matter of law, we would not feel justified in making such declaration, for such a conclusion would be to license recklessness, if perchance approaching from the right. Such an assumption eliminates entirely the duty and obligation of plaintiff in error to travelers and pedestrians arising from his reciprocal duty to be hereinafter noted. A contention not dissimilar was made in Weber v. Beeson, 164 N. W. 255, in which case the Supreme Court of Michigan held:

"Where plaintiff, riding a motorcycle north on S. avenue across G. avenue at a speed of six to ten miles an hour, had reached the north street car track on G. avenue, when he saw an automobile approaching on the north side of that avenue at an unusual rate of speed and then about 150 feet away, he was not negligent, as a matter of law, in attempting to pass in front of the automobile, though the traffic on G. avenue had the right of way."

But there is another reason, even more compelling than the one suggested, why we may not hold that such acts constitute contributory negligence, for, as held by this court in St Louis, I. M. & S. R. Co. v. Lewis, 39 Okla. 677, 136 Pac. 396:

"Under section 6, art. 23 (section 355, Williams' Ann. Ed.), Constitution of Oklahoma, the defense of contributory negligence or of assumption of risk is, in all cases whatsoever, a question of fact, and must, at all times, be left to the jury; and the verdict of the jury is conclusive upon such question."

Hence, we think whether the unusual speed at which plaintiff in error was traveling when observed at the distance mentioned made it hazardous and negligent to undertake to cross such street intersection was a proper question for the jury. Nor do we

agree with the contention of plaintiff in error that rule 7, sec. 11, ch. 173, Sess. Laws 1915, as quoted by the court in instructions to the jury and which provides, "that at intersecting roads or streets, vehicles approaching from the right shall have the right of way over those approaching from the left," gives the plaintiff in error any right to disregard the safety of travelers or pedestrians at street intersections, or relieves from the obligation to use reasonable care and caution to avoid injury to persons or property. The provisions of this rule, like any provision of statutory regulations, must be given a reasonable construction, and to assert that the observed approach of an automobile from the right is to preclude the advance of vehicles approaching from the left until the passage of such vehicle approaching from the right is to place a prohibition upon all traffic approaching from the left in streets of towns and cities where the streets must care for heavy traffic. We think the rule is properly stated by the Supreme Court of Iowa in Barnes v. Barnett, 169 N. W. 365, where it is held:

"Right of precedence at street crossing, whether by law or by custom, has no proper application, except where travelers or vehicles approach crossing so nearly at same time and at such speed that, if both proceed, a collision is reasonable to be apprehended. If a traveler in a vehicle not having the right of way comes to a street crossing and finds no one approaching it on the other street within such distance as reasonably to indicate danger of collision, he is under no obligation to stop and wait, but may proceed."

And we quote to approve the language of the Supreme Court of Alabama used in Ray v. Brannan, 196 Ala. 113:

"It [the ordinance] very clearly means that when a vehicle on each of these streets approaches their intersection, visible to each other, at such a time and such a speed as would render their collision imminent if one should not give way to the other, then the vehicle going north or south must, at its peril, be so conducted, circumstances permitting, as to allow the vehicle going east or west to safely pass in front. The conditions of traffic on intersecting streets may reasonably require that such priority be given to one street over another. But the mere fact that one vehicle has the 'right of way' over others crossing its path does not release the vehicle thus favored from the duty of exercising due care not to injure the others at the places of crossing. On the contrary, the duty of due care to avoid collision remains reciprocal, and the driver of each vehicle may, within reasonable limits, rely upon the discharge of his duty by the other —including, among other things, the reasonable observance of those municipal regulations with respect to speed and position which are designed not only to facilitate traffic and travel, but also to make it safe for the public as far as is humanly possible."

And in El Paso Electric R. Co. v. Benjamin et al. (Tex. Civ. App.) 202 S. W. 996, it is held:

"An ordinance providing that drivers shall look out for and give the right of way to vehicles approaching street crossings from the driver's right does not relieve a motorman from the duty of looking out for an automobile approaching from his left."

And—

"Where there was ample evidence that the motorman was negligent in not having his car under reasonable control on approaching the street crossing, where it collided with an automobile causing the death of plaintiff's wife, the court properly submitted the issue to the jury."

And in Glatz v. Kroeger Bros. Co., 170 N. W. 934, the Supreme Court of Wisconsin held:

"That driver has right of way over automobiles approaching on the left, under St. 1817, does not justify recklessness or failure to exercise ordinary care to avoid injuring others."

In Erwin v. Traud, 100 Atl. 184, the Court of Errors and Appeals of New Jersey held:

"A traffic regulation, giving an automobile driver the right of way at a street intersection against a vehicle approaching the crossing at the same time from his left, does not relieve him of the legal duty to use reasonable care to avoid colliding with such vehicle should its driver disregard such right. In case of injury to a passenger on the latter vehicle resulting from such a collision under circumstances indicating a disregard of that legal duty, it becomes a jury question whether under all the circumstances, including traffic regulations, there was negligence on the part of the driver having the right of way."

From an examination of the entire record, we think plaintiff in error at the time of the accident was driving with a total disregard of the rights of those whom he might meet, while the evidence is equally as positive that defendant in error was driving with due care and caution at the time he approached the street intersection. Whether defendant in error was guilty of contributory negligence in attempting to proceed at such intersection was properly submitted to the jury, and the verdict rendered carries with it a finding exonerating from contributory negligence. The trial court did not err in refusing a new trial.

The judgment of the trial court is affirmed.

OWEN, C. J., and PITCHFORD, McNEILL, and HIGGINS, JJ., concur.