In re Jennings' Guardianship. *91 N. J. Eq.*

In the matter of the guardianship of ALBERT E. JENNINGS et al.

[Submitted March 2d, 1920. Decided March 29th, 1920.]

Where a fund was left by will the income therefrom to be paid to each of testator's three children, until each of said children shall reach the age of twenty-one, respectively, the said moneys to be paid, nevertheless, not to the said children but to the widow of A, or such other legal guardian as they may have for their benefit—*Held*, that the direction of payment to the widow of A is not indicative of the capacity in which she was to receive the income, but is merely descriptive of one of the persons to whom the income was to be paid, as guardian of the children, the bequest being to the children.

On appeal from the orphans court of Essex county.

*Mr. William L. Brunyate,* for the appellant-guardian.

*Mr. Jeremiah Hoover,* for the respondent-petitioner.

FOSTER, VICE-ORDINARY.

This appeal brings up for review an order of Judge Stickel requiring the appellant as guardian of her son Albert E. Jennings and her two other children, to account for the income received by her from the Fidelity Trust Company as trustee under the will of Marion A. Jennings, deceased.

Marion A. Jennings was the mother of William H. Jennings, who enjoyed the income of a trust fund created by her will, until his death in 1917. The appellant, Ellen A. Jennings, is the widow of William H. Jennings and the mother of the three minor children.

Clause 12 (*f.*) of the will of Marion A. Jennings reads as follows:

"(*f.*) At the death of my said son William H. Jennings to pay all the rest and remainder of the income from the tenth clause of this my will, in equal shares to each of the three children of my said son William H. Jennings, to wit, Albert E. Jennings, William H. Jennings third and Marion

A. Jennings, until each of the said children shall reach the age of twenty-one (21) years respectively, the said moneys to be paid, nevertheless, not to the said children but to the widow of the said William H. Jennings, or such other legal guardian, as they may have, for their benefit."

On the death of William H. Jennings his widow applied to the trustee for the payment of the income directly to her as his widow, but the trustee, because of the words "other legal guardian" in the clause quoted, considered it advisable for the widow to be appointed guardian of the children, and this was done, and petitioner, a surety company, became the surety on her bond and began these proceedings as such surety to compel her to account for the annual income, amounting to between $3,000 and $4,000, which she has received since her appointment.

Appellant insists she is not obliged to account, as she claims under this clause of the will to be entitled to the income as widow and not as guardian, and she further claims that although the income was paid to her as guardian a receipt therefor from herself as widow to herself as guardian is all the accounting she is obliged to make.

Appellant contends her position is supported by the case of *Macknet* v. *Macknet, 27 N. J. Eq. 594,* and later cases in which that case has been followed. In the *Macknet Case* there was, as Mr. Justice Reed, in delivering the opinion of the court of errors and appeals, stated, a direct gift of the income to the mother for the support, maintenance and education of her child, and, after a review of the cases, he stated that the facts of that case were within a line of cases which establish the doctrine that where property is given to a parent, or one standing in *loco parentis*, with direction to educate or maintain their children upon the fulfillment of the trust, no account can be demanded, and he added that whatever the origin of the doctrine, it has resulted in placing such dispositions of property among a class of bequests which are considered as gifts to the first taker, coupled with a duty.

The facts in the present case differ from the facts in all the cases cited on behalf of the appellant in several important particulars, notably, that the bequest is made to the children and that there is not a direct gift of the income to appellant either

personally or as the widow of William H. Jennings, or as the mother of the infants, and in the further fact that the income is not given to her in any capacity coupled with any duty to the infants. The will directs the income to be paid in equal shares to each of the three children until each attains twenty-one years, respectively, and it further directs "the moneys to be paid, nevertheless, not to the said children but to the widow of the said William H. Jennings, or such other legal guardian as they may have, for their benefit."

These provisions do not constitute a bequest to Mrs. Jennings of the income, with or without a duty to the children, and there is not the slightest indication in any of the provisions of the will to show that testatrix intended that Mrs. Jennings should personally have any beneficial interest in this income.

The fact that having made a bequest of the income directly to the children, testatrix in connection therewith directed the payment of the income to their mother, or other legal guardian for their benefit, does not, as claimed, change the nature of the bequest or the beneficiaries of the gift, and does not take from the children their bequest and give it to their mother coupled with some undefined duty toward them.

The direction for the payment of the money to appellant as the widow of William H. Jennings is not indicative of the capacity in which she was to receive the income, but is merely descriptive of one of the persons to whom the income was to be paid, as guardian of the children, and in case she had not qualified as the legal guardian of the children, then the will in terms and effect directs that no part of the income is to be paid to her, but that it is to be paid to such other legal guardian as the children may have.

I will advise that the order of the orphans court be affirmed.