## PORTO RICO RY. LIGHT & POWER CO. v. DIAZ MOR.

(Circuit Court of Appeals, First Circuit.   July 2, 1920.)

No. 1432.

**Courts ⬅➡438—Jurisdiction of District Court for Porto Rico.**

To confer jurisdiction on the District Court of the United States for Porto Rico, under Jones Act March 2, 1917, § 41 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803qq), where defendant is a citizen of Porto Rico, plaintiff must allege and prove, not only that he is a foreign citizen or subject, or a citizen of the United States, but that he is not domiciled in Porto Rico.

In Error to the District Court of the United States for the District of Porto Rico; Peter J. Hamilton, Judge.

Action by Adalberto Diaz Mor against the Porto Rico Railway Light and Power Company. Judgment for plaintiff, and defendant brings error. Judgment vacated, and case remanded, with direction to dismiss for want of jurisdiction.

Carroll G. Walter, of New York City (J. Henri Brown, of San Juan, P. R., and Edward J. Patterson, of New York City, on the brief), for plaintiff in error.

Francis H. Dexter, of San Juan, P. R., for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This action was brought December 28, 1918, in the District Court of the United States for Porto Rico. In the complaint it is alleged that the plaintiff is a subject of the king of Spain residing in Porto Rico and that the defendant is a corporation organized under the laws of Porto Rico, with its principal office in the city of San Juan. The evidence showed that the plaintiff was a subject of the king of Spain domiciled in Porto Rico and that the defendant was a citizen of Porto Rico.

In section 41 of the Jones Act of March 2, 1917 (39 Stat. at Large, 951, 965 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803qq]), it was provided:

"Said District Court shall have jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign state or states, or citizens of a state, territory, or district of the United States not domiciled in Porto Rico, wherein the matter in dispute exceeds, exclusive of interest or cost, the sum or value of $3,000. * * *"

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The jurisdiction of the United States District Court for Porto Rico under this act being in dispute, the question was certified to the Supreme Court for decision, which, on June 1, 1920, handed down an opinion in which it held that the requisite diversity of citizenship to give the District Court for Porto Rico jurisdiction was wanting.

Where the defendant is a citizen of Porto Rico, to confer jurisdiction on the federal District Court, a plaintiff must allege and prove, not only that he is a foreign citizen or a citizen of the United States, but that he is not domiciled in Porto Rico.

The judgment of the United States District Court for Porto Rico is vacated, and the case is remanded to that court, with directions to dismiss the same for want of jurisdiction; the plaintiff in error to recover its costs in this court.