## PRESTI v. THE CLEVELAND RY. CO.

*Negligence—Collision of street car with vehicle at street inter-section—Argument to jury, provoked by opposite counsel, not prejudicial—Claim departments maintained by cor-poration as protection against damage suits—Document, with portions ordered eliminated still legible, may go to jury—Witness signing document and presenting same to claim agent, cross-examined thereon—Charge to jury— Right of way over vehicle approaching from right at street intersection—Instruction that street car to proceed uninterruptedly erroneous, when—Written instructions be-fore argument must fully state law—Vehicle farthest from intersection, exercising reasonable care, entitled to pro-ceed—Error to charge jury that violation of ordinance negligence per se, when.*

1. Argument of defendant's counsel that corporations main-tained claim departments because they had been held up by people suing for damages *held* not ground for reversal of judgment for defendant, where provoked by argument of plaintiff's counsel.

2. Where witness of accident was questioned on cross-examina-tion as to document signed by him and given to defend-ant's claim agent, it was not incompetent to allow docu-ment to go to jury with portions ordered eliminated still legible.

3. Instruction before argument that defendant's street car had "right of way" at street intersection, meaning "right to proceed uninterruptedly" in preference to plaintiff's vehicle, *held* prejudicial error, as assuming that it had right of way to extent that plaintiff was bound to stop, though he had right to cross if possible in exercise of reasonable care, and relieving motorman from responsibility of exer-cising such care.

4. Written instruction before argument, under Section 11447, General Code, unlike instruction in general charge at con-clusion of argument, becomes unquestioned law of case, and hence must fully state law on subject.

5. Right of way is not arbitrary, immutable privilege, either under statute or ordinance, as there must be conduct con-

sistent with exercise of care which ordinarily prudent people exercise under similar circumstances, and does not deprive vehicle farthest from intersection of right to proceed, if possible, with exercise of reasonable care.

6. In action for damages by collision between plaintiff's vehicle and defendant's street car, instruction that violation of ordinance or state law is negligence as matter of law, and that verdict must be for defendant, if plaintiff was guilty of such a violation directly contributory to accident, *held* prejudicial error, as declaring plaintiff guilty as matter of law if he attempted to cross intersection contrary to right of way law and ordinance, though he had right to do so, if possible, by exercising reasonable care.

(Decided May 23, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Anderson & Lamb,* and *Mr. Harry G. Fuerst,* for plaintiff in error.

*Messrs. Squire, Sanders & Dempsey,* for defendant in error.

SULLIVAN, P. J.   This cause comes into this court on error from the court of common pleas of Cuyahoga county, and it is here sought to reverse the judgment of the lower court, wherein there was a verdict by the jury for the defendant in a personal injury and property case, growing out of a collision at the intersection of East Forty-seventh street and Woodland avenue in the city of Cleveland.   It is claimed that counsel for the defendant below was guilty of misconduct in his argument to the jury by use of the following language:

"You know, since the time the world began we have lived in ages; we have passed through various ages; and just at the present time we are in what might be called the 'damage age.'   Here, at

least, in Cuyahoga county, it strikes me from what
I have observed in the last few years it has come
to be a practice in this county, and legitimately so
regarded by many, that if a man can come into
court and by hook or crook get a verdict out of a
defendant, all well and good; if they can't all well
and good; it is a gamble, a legitimate gamble, and
to me that situation invites corporations to organ-
ize what are known as 'claim departments.' You
go out here and this great railway running east
and west through your city, and the New York
Central, and the Pennsylvania and the Big Four,
you go out to the Erie, you go out to the American
Steel and Wire Company, you go into any large
manufacturing company or plant in any city in the
United States, and you will find an organization—
and organized accident department. Why? Be-
cause those corporations have been held up by peo-
ple suing for damages.''

It is apparent from the record and the language
itself that the argument of counsel for plaintiff was
provocative of the language quoted, and under all
the authorities the judgment will not be reversed
because of a colloquy between counsel upon the
same subject in argument before the jury.

It is also claimed as error that a certain docu-
ment went to the jury signed by Christopher Wil-
liams, a witness to the accident, given to a claim
agent of the defendant company, when it appears
that certain portions of it were ordered eliminated
by the court as prejudicial, but that, notwith-
standing this, the part attempted to be stricken
out is still legible. Inasmuch as the questions were
put to the witness with respect to the document
under cross-examination, we do not think that it

was incompetent to allow to remain in the record that portion of the document ordered obliterated, and, this being so, there is no prejudicial error in our judgment in this respect.

On the question of the right of way at East Forty-seventh street and Woodland avenue, without the question of the right of way being made a distinct issue in the case, and arising only by way of incident to the main circumstances, the court under the statute relating to written charges before argument (Section 11447, General Code) gave the following:

"I charge you as a matter of law that Woodland avenue is, and was on December 29, 1924, a main thoroughfare in the city of Cleveland, and that the street car of the defendant under the ordinances and state laws had the right of way over the vehicle operated by the plaintiff on the day in question. By right of way, I mean that the street car of the defendant had the right to proceed uninterruptedly in a lawful manner in the direction in which it was proceeding in preference to the vehicle of the plaintiff, approaching from East Forty-Seventh street."

The majority of the court are of opinion that this instruction was prejudicial error. An instruction before argument, in writing, under the statute, in character has a different legal entity and significance than an instruction given in the general charge at the conclusion of the argument. In the former case it becomes the unquestioned law of the case upon the subject incorporated in the instruction. It is the voice of the court pronouncing the law upon that question. Counsel may read the same repeatedly to the jury, and it is of such legal

import that it goes to the jury under instructions to be considered by them in their deliberations upon the case. This is a statutory privilege given counsel, and it has great weight with the jury, and anything of a prejudicial nature in such charge must be considered in a much more serious light than any portion of the final charge given by the court. When counsel makes the request in writing, and submits the instruction in writing, and the court gives it, both court and counsel are responsible for its misuse, the peril of prejudice attaches to it, and there is an accountability not only resting upon the shoulders of the court, but upon the shoulders of counsel. Therefore the instruction must be given in compliance with the law in all respects, so that when it is read to the jury, and by the jury, in their deliberations, it fully states the law upon that subject.

This charge assumes that the street railway company had the right of way to the extent that the plaintiff below was bound to stop his vehicle and surrender that right to the highway which he had, to-wit, to cross at the intersection if he could do so in the exercise of reasonable care, and if the facts and circumstances of the case gave reasonable ground for such belief. It also releases from that legal responsibility resting upon the motorman at intersections, even though he may have the right of way in his favor, to exercise reasonable care where travel is operating at right angles. The right of way is no arbitrary immutable privilege, either under the statute or the ordinance, because the underlying principle at all times is that there must be conduct consistent with the theory of the exercise of that care which ordinarily prudent peo-

ple exercise under the same and similar circumstances. If the law were otherwise, then, instead of the statute and the ordinance accomplishing the purposes for which they were passed, they would increase disasters, by inviting, under a wrong construction of the law, travelers to rest solely and wholly upon the theory that because they had the right of way they were immune from the exercise of reasonable and ordinary care. The right of way does not ignore this principle, and even though there is a preference given to the vehicle nearest to the intersection, yet it does not deprive the vehicle traveling at right angles upon the intersection from proceeding, if it can be done, with the exercise of reasonable care. Under this instruction it would appear, especially by the use of the word "uninterruptedly," that it was the duty, because of the right of way alone, for the automobile driver to stop until the street railway motorman, having a right of way, passed safely over, notwithstanding by the exercise of reasonable care he may have been able to make the intersection safely and without interrupting the passage of the street car.

We think the principle laid down in Huddy on Automobiles (6th Ed.), Section 394, states the law, and we quote it, as follows:

"While under the common-law rule travelers at intersecting streets have equal rights, with a priority given to one who reaches the intersection distinctly in advance of another, the rule may be changed by statute or municipal ordinance. A regulation may properly be enacted giving to travelers along one street the priority over those approaching along a cross street, the intention being to relieve the crowded condition of traffic along the

street to which priority is given.   And, even where
an advantage may not be grounded on the traffic
conditions, modern regulations generally require
the traveler to give way to one approaching an in-
tersecting street on the right side.   One of the diffi-
culties involved under such a regulation is deter-
mining when one approaching from the right is
close enough so that he can be said to be 'approach-
ing the intersection.'   Such a regulation imposes
on the less favored traveler an affirmative duty to
keep out of the other's way, and requires him to
slow, to stop, and if need be to reverse, if otherwise
the vehicles are likely to come into contact.   An
ordinance giving a prior right to travelers on cer-
tain streets is not abrogated by a statute regulating
the operation of motor vehicles, where the statute
does not cover the subject of priorities at inter-
secting streets.   The violation of traffic regulations
of this character is to be considered on the question
of the negligence of the parties, and, like other
violations of the law of the road, may create a pre-
sumption of negligence against the guilty traveler.
*It still remains, however, the province of the court
and jury to determine whether the respective par-
ties have exercised the degree of care imposed on
them; and the fact that one party is entitled to pri-
ority does not relieve him from the duty of exer-
cising reasonable care to avoid injury to other trav-
elers.*   The driver not entitled to priority may
properly assume that the other will not approach
at an excessive speed.   One entitled to priority un-
der the law is nevertheless required to keep a look-
out for cars approaching from his left; and, if he
fails in this respect, he may be charged with negli-
gence.   But, until he discovers to the contrary, he

is entitled to assume that he will be accorded the right of way.   One entitled to priority along a certain street is not necessarily allowed to carry such privilege with him when he is turning from such street into a cross street.   When making the turn, he must exercise caution to avoid a collision with vehicles passing along the cross street, and reasonable care may require that he yield or delay his turn, if another vehicle is then passing.''   (Italics mine.)

Bearing out this principle of law, the foot-notes under this citation give the following authorities: *Ray* v. *Brannan,* 196 Ala., 113, 72 So., 16; *Golden Eagle Dry Goods Co.* v. *Mockbee,* 68 Colo., 312, 189 P., 850; *Geeck* v. *Lukenbill,* 215 Mich., 288, 183 N. W., 729; *Rosenau* v. *Peterson,* 147 Minn., 95, 179 N. W., 647; *Lindahl* v. *Morse,* 148 Minn., 167, 181 N. W., 323; *Schneider* v. *Hawks* (Mo. App.), 211 S. W., 681; *Erwin* v. *Traud,* 90 N. J. Law, 289, 100 A., 184, L. R. A. 1917D, 690; *Paulsen* v. *Klinge,* 92 N. J. Law, 99, 104 A., 95; *Spawn* v. *Goldberg,* 94 N. J. Law, 335, 110 A., 563; *Ward* v. *Clark,* 189 App. Div., 344, 179 N. Y. S., 466; *Blum* v. *Gerardi,* 111 Misc. Rep., 617, 182 N. Y. S., 297; *Schultz* v. *Nicholson,* 116 Misc. Rep., 114; *Lee* v. *Pesterfield,* 77 Okl., 317, 188 P., 674; *Greater Motors Corp.* v. *Metropolitan Taxi Co.,* 115 Wash., 451, 197 P., 327.

The above interpretation of the law with respect to the right of way, we think, makes prejudicial error of request No. 3, which was given at defendant's request, as follows:

''I charge you that the violation of an ordinance or a state law is negligence as a matter of law, and if you find that the plaintiff in this case was guilty of a violation of any ordinance or state law, and

such violation directly contributed to produce the accident, then your verdict must be for the defendant.''

A reasonable interpretation of that charge, we think, means that the plaintiff was guilty, as a matter of law, if he attempted to cross the intersection in question in the face of the law and the ordinance as to right of way, even though he had the right to do so if it could be done by the exercise of reasonable care.

We find no prejudicial errors in the record other than those above noted, and for these reasons the judgment of the lower court is hereby reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

Levine, J., concurs.

Vickery, J., dissenting. I feel called upon to dissent from the majority opinion of the court in reversing this case, and I will state my reasons briefly.

In the court below the plaintiff in error was plaintiff and brought this action to recover damages by reason of injuries claimed to have been received at East Forty-seventh street and Woodland avenue in the city of Cleveland. He was driving south on East Forty-seventh street, and he says that when he came to the intersection of the street, he saw an east-bound car coming from the west, at a distance of 300 feet. He started to go across, but stopped because of the oncoming of a west-bound car coming from the east, owned by the defendant company. However, before reaching him, this car

stopped to let off passengers and to take them on at East Forty-seventh street. Plaintiff then proceeded forward again. In the meantime the car from the west was continuing in its course, and he says the car was 200 feet away, but as he got onto the track he was struck almost immediately, which shows that the car was much closer than he thought.

The case was submitted to a jury, and the jury found for the defendant, and the error that the majority of this court find, upon which they reversed the judgment, is that the court erred in its charge given before argument relating to the right of way. Without going into a minute analysis of that charge, I do not think that it will bear the construction that counsel in argument placed upon it, or that the majority of the court found as a basis for reversing this case. I do not think that the charge could have misled the jury; nor do I think it erroneous, as given. The whole case having been tried to a jury, and the jury having found for the defendant, I think the judgment ought to be left to stand; for this reason I dissent from my associates in reversing this case.