## ROBERTS v. WHITE STAR BUS LINE, Inc.
### No. 2390.

Circuit Court of Appeals, First Circuit.
February 17, 1930.

Cay. Coll. y Cuchi, of San Juan, Porto Rico, for appellant.

Carroll G. Walter, of New York City (Henri Brown, of San Juan, Porto Rico, on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action of tort to recover damages for personal injuries sustained by the plaintiff while riding as a passenger in an automobile, driven by Lieutenant Houston V. Evans of the United States Army, which collided with a twenty-two passenger bus of the defendant on a highway in San Juan, Porto Rico, on the night of May 20, 1928, at about 12:30 p. m. There was a trial by jury. At the close of all the evidence, a verdict was directed for the defendant, subject to the plaintiff's exception. Judgment having been entered for the defendant, this appeal was taken.

In the complaint, the plaintiff is alleged to be a citizen of the United States and a resident of the state of Texas, temporarily residing in Porto Rico. The defendant is described as a corporation organized under the laws of Porto Rico, doing business in San Juan.

In its answer the defendant admitted that the plaintiff was a citizen of the United States, temporarily residing in Porto Rico, but denied that he was a resident of Texas. It also admitted that it was a Porto Rican corporation, doing business in San Juan.

One of the grounds upon which the defendant asked that its motion for a directed verdict be granted was that the court was without jurisdiction of the cause, as there was no evidence as to the residence and domicile of the plaintiff. In this particular, the motion was not addressed to the merits of the case. It was for all practical purposes a motion to dismiss for want of jurisdiction. The record does not expressly state what action the court took on this branch of the motion, but, as it took jurisdiction and directed the jury to return a verdict for the defendant, it in effect denied the motion, and ruled and found that the evidence and admissions in the answer were sufficient to sustain the allegations of the complaint, as to the residence and domicile of the plaintiff. This ruling and finding being in the plaintiff's favor, he cannot complain, and the defendant makes no complaint on this score. Furthermore, we are of the opinion that the evidence submitted, taken in connection with the admissions in the answer, warranted the conclusion that the plaintiff was a citizen of the United States, not domiciled in Porto Rico, but temporarily there as an officer in the United States Army. The court therefore had jurisdiction. This being so, the plaintiff's motion to reopen the case for the submission of further evidence on the question of jurisdiction was properly denied. Porto Rico Ry. Light & Power Co. v. Diaz Mor (C. C. A.) 266 F. 516.

The main question in the case is whether there was evidence warranting the submission of the case to the jury. At the time of trial, the plaintiff was in the Walter Reed Hospital in Washington, being treated for his injuries, and unable to be present. The chief witnesses examined in his behalf were Lieutenant Evans, Mrs. Evans, the driver of the bus, and a doctor who attended the plaintiff in Porto Rico before he was removed to the Walter Reed Hospital.

Considering the evidence in the light most favorable to the plaintiff, which we are required to do, it tended to prove that on the night of May 20, 1928, the plaintiff, Lieutenant Evans, and Mrs. Evans were at a friend's home in Santurce; that at about 12:15 the plaintiff left there to return to San Juan as a passenger in the Evans' car, which Lieutenant Evans drove; that the car had a left-hand drive, and Lieutenant Evans, his wife and the plaintiff sat on the front seat, from left to right, in the order named; that an accident occurred to them after they reached San Juan, almost in front of the School of Tropical Medicine, just after turning a curve; that this School of Medicine is on the northerly side of the highway, and the curve is just east of the school; that the highway in that locality runs westerly from the curve past the school; that, as the car in which plaintiff was riding turned the curve and was proceeding on the right-hand or northerly side of the road, in a westerly direction toward the school, a bus was seen coming from the other direction on its own or south side of the road, with its lights fully lighted; that later the on-coming bus suddenly turned to his (Evans') side of the road (the north side) ; that at first Evans did nothing, assuming that the driver of the bus would promptly return to his own or south side of the road; that instead the bus continued to come directly at the car; that, seeing an accident was unavoidable, Evans applied the brakes, and his car skidded slightly to the left, to the south; that at that moment the bus turned back to the south and struck the right front fender and axle of the car a severe blow, and turned the car towards Santurce; that the cars were a short distance apart when the bus was seen to swerve to its left, and that it was only a matter of seconds then until the accident; that to Evans' knowledge there was not room to pass between the bus and the north side of the road; that, if there was, he could not see it because of the brilliancy of the lights of the on-coming bus; that he was a licensed driver, and had driven a car for a long time; that the car was in good condition before the accident, but after the accident was beyond repair, and all three of its occupants were injured.

There was other evidence in conflict with this tending to show that, while the bus turned to its left, almost immediately before the accident, to avoid some barrels and obstructions on its side of the road, it did not turn to the left beyond the center of the road, and that the Evans' car could have readily passed on the north side of the road.

In this situation, we think the case was one for the jury. It is certain there was substantial evidence from which it might be

found that the bus driver suddenly changed his course and drove the bus head-on into the course of the car in which the plaintiff was riding on the north side of the road, blinding its driver and the other occupants, and was careless.

The question of contributory negligence was also for the jury to pass upon. The plaintiff, being a passenger in the Evans' car, was not chargeable with the conduct of the driver over whom he had no direction and control. The driver's negligence, if any, was not imputable to him. Little v. Hackett, 116 U. S. 366, 6 S. Ct. 391, 29 L. Ed. 652; Southern Railway v. Priester (C. C. A.) 289 F. 945; State v. B. & M. Ry. Co., 80 Me. 430, 15 A. 36, 39, 40; Ham v. Maine Central Railroad Co., 121 Me. 171, 116 A. 261; Bradley v. Missouri Pac. R. Co. (C. C. A.) 288 F. 484, 488; The Lafayette (C. C. A.) 269 F. 917, 925; Hines v. Johnson (C. C. A.) 264 F. 465. Unless the plaintiff was negligent in riding in the car at all, of which there was no evidence, or while riding in the car failed to exercise the care a reasonably prudent man would use under like circumstances for his own safety, he was without fault. The burden of this issue was on the defendant, and it is evident that on the evidence in the case reasonable men could find that the defendant was negligent and that the plaintiff was free from fault. This being so, the District Court erred, if it directed the verdict for the defendant either on the ground that the defendant was not negligent or that the plaintiff, as a matter of law, was guilty of contributory negligence.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for a new trial, with costs to the appellant in this court.