### SNIDER v. SAND SPRINGS RY. CO. et al.
### No. 718.

Circuit Court of Appeals, Tenth Circuit.
Jan. 5, 1933.

636

John H. Cantrell, of Tulsa, Okl. (A. J. Biddison, Harry Campbell, Valjean Biddison, and Harry Campbell, Jr., all of Tulsa, Okl., on the brief), for appellant.

C. B. Stuart, E. J. Doerner, and B. A. Hamilton, all of Tulsa, Okl., for appellees.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

McDERMOTT, Circuit Judge.

The appellant was injured in a collision between the bus in which she was a passenger, and a street car operated by appellee. She filed this action in the state court against appellee and receivers of the bus company who were appointed by the United States court. The receivers removed the cause to the federal court by a writ of certiorari. Section 33, Judicial Code, as amended by the Act of August 23, 1916 (28 USCA § 76); Newell v. Byram (C. C. A. 8) 26 F.(2d) 200. At the conclusion of all the evidence, both defendants moved for an instructed verdict. The court indicated that the motion of the street car company would be sustained; whereupon plaintiff moved to dismiss without prejudice as to the receivers of the bus company. If the case was dismissed as to the receivers, the cause must be remanded as to the street car company, since that company and plaintiff were both citizens of Oklahoma; and such a motion to remand was made. The

trial court ruled first on the street car company's motion for a directed verdict; a verdict was so directed and taken. Then the court sustained the motion to dismiss the cause, without prejudice, as to the receivers.

Appellant contends that the trial court was without jurisdiction to direct a verdict as to the street car company because, at the time it was so directed, the receivers had been dismissed out of the cause, which left a controversy solely between citizens of the same state, over which the court had no power except to remand to the state court. This contention rests upon two grounds.

The first is that, under the Oklahoma statute, the plaintiff had an absolute right to dismiss her case at the time she attempted to do so. The right to dismiss a law action is governed by the state statute and decisions construing it. Alsop v. McCombs (C. C. A. 8) 253 F. 949; Chicago, M. & St. P. Ry. Co. v. Metalstaff (C. C. A. 8) 101 F. 769. The Oklahoma statute (Okla. Stat. 1931, § 418) provides: "An action may be dismissed, without prejudice to a future action: First. By the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court."

This statute is verbatim with the Kansas statute. The Kansas Supreme Court, in a line of decisions running back to 1877 (St. Joseph & D. C. Rld. Co. v. Dryden, 17 Kan. 278), has held that where a demurrer to the evidence is interposed and submitted to the court for its decision, it is a final submission of the legal issues of the cause, within the meaning of this statute, and that the plaintiff thereafter may not dismiss as a matter of right. See Cott v. Baker, 112 Kan. 115, 210 P. 651, which reviews the earlier authorities. The Oklahoma Supreme Court has adopted the same wholesome rule. In Chicago, R. I. & P. Railway Co. v. Reynolds, 157 Okl. 268, 12 P.(2d) 208, the decision of Cott v. Baker, supra, was cited and followed. This is in accord with the better practice; if a party, after a fair trial, is unable to make out a case, there is no reason why he should be afforded another trial, at the expense of his adversary and the public. Judge Walter H. Sanborn, in Francisco v. Chicago & A. R. Co. (C. C. A. 8) 149 F. 354, 357, 9 Ann. Cas. 628, quoted with approval the following strong language of Judge Pritchard, in Parks v. Southern Ry. Co. (C. C. A. 4) 143 F. 276, 279, on this question: "The courts are not organized for the purpose of permitting the plaintiff in an action to experiment with a

certain state of facts for the purpose of ascertaining the opinion of the court as to the law applicable to the same and then permit him to withdraw from the scene of conflict and state a new cause of action and mend his licks in another direction. Such policy, if adopted, would be productive of much mischief, and should not be tolerated."

To the same effect, see Spies v. Union Pac. R. Co. (C. C. A. 8) 250 F. 434, and Yarn v. Ft. Dodge, D. M. & S. R. Co. (C. C. A. 8) 31 F.(2d) 717, 720. When the trial court had heard counsel on the motion for a directed verdict, and the legal questions were submitted for decision, the plaintiff could no longer dismiss as a matter of right.

■ Appellant's second proposition is that, even if it required the consent of the court to dismiss at that stage, the court did consent. The record discloses a colloquy which, standing alone, is readily susceptible to that interpretation; it likewise discloses that counsel for appellant, at the time, so construed it. But it is also susceptible to the construction which the trial court at the time put upon it, and that is, that at the proper time, he would allow the motion to dismiss. The disagreement between court and counsel as to what was intended by the language used was in good faith, and in such a case, the language of Justice Holmes in Ex parte Hobbs, 280 U. S. 168, 50 S. Ct. 83, 74 L. Ed. 353, concerning a similar disagreement, is pertinent. The distinguished Justice disposed of the case by observing "The Judge knows at least what he intended and supposed himself to do." The remainder of the colloquy demonstrates, beyond cavil, that the learned trial judge supposed he was indicating a future ruling, and not ruling at the time. Three motions were pending before him at the time; the trial judge had the unquestioned right to dispose of them in an orderly way. Furthermore, the order of procedure adopted by the trial court was commendable, for it tended to expedite the decision of the controversy on its merits, rather than to encourage maneuvering for advantage in position.

■■ There remains the question of whether there was substantial proof of the negligence of the street car company. Appellant was a passenger on the bus, with no control over its movements; there is not, and cannot be, any claim of negligence upon her part. Chicago, R. I. & P. Ry. Co. v. Fanning (C. C. A. 10) 42 F.(2d) 799; Roberts v. White Star Bus Line, Inc. (C. C. A. 1) 38 F.(2d) 1. The negligence of the driver of the bus, even if more aggravated than that of the motorman of the street car, will not relieve the appellee if the negligence of its motorman was also a proximate cause of the collision. In a strikingly similar case, where plaintiff was injured in a collision where two parties were at fault and suit was brought against one, Judge Walter H. Sanborn tersely stated the rule as follows: "One is liable for an injury caused by the concurring negligence of himself and a third party to the same extent as for one caused entirely by his own negligence. It is no defense for a wrongdoer that a third party shared the guilt of the same wrongful act, nor can he escape liability for the damages he has caused on the ground that the wrongful act of a third party contributed to the injury." Chicago, R. I. & P. Ry. Co. v. Sutton (C. C. A. 8) 63 F. 394, 395.

Washington & Georgetown R'd v. Hickey, 166 U. S. 521, 17 S. Ct. 661, 41 L. Ed. 1101, involved a collision between a street car and a railroad train; both companies were negligent, but a recovery against one was sustained. For other statements of the rule, see Kreigh v. Westinghouse & Co., 214 U. S. 249, 29 S. Ct. 619, 53 L. Ed. 984; Wilmington Mining Co. v. Fulton, 205 U. S. 60, 75, 27 S. Ct. 412, 51 L. Ed. 708; Padgett v. Chicago, R. I. & P. Ry. Co. (C. C. A. 10) 54 F.(2d) 576; Chicago, R. I. & P. Ry. Co. v. Fanning (C. C. A. 10) 42 F.(2d) 799, 803; Pacific Telephone & Telegraph Co. v. Hoffman (C. C. A. 9) 208 F. 221; Memphis Consol. Gas & Electric Co. v. Creighton (C. C. A. 6) 183 F. 552; Cole v. German Savings & Loan Soc. (C. C. A. 8) 124 F. 113, 63 L. R. A. 416. Collisions at street intersections are frequently the result of the concurring negligence of both drivers; if so, an innocent third party may recover against either or both.

■■ In determining the negligence of the motorman of the street car, consideration must be given to the fact that street cars run on rails, and do not have the same flexibility of control as automobiles, and that by an applicable ordinance street cars have the right of way over vehicles. Baltimore & O. R. R. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645; Summers v. Denver Tramway Corp. (C. C. A. 10) 43 F. (2d) 286. The right of way gives to one vehicle the right over another to enter an intersection first if both approach it at approximately the same time; it does not relieve its driver of the duty of exercising due care, under all the circumstances, to avoid injury to others. Lee v. Pesterfield, 77 Okl. 317, 188 P. 674; Barnes v. Barnett, 184 Iowa,

936, 169 N. W. 365; Ray v. Brannan, 196 Ala. 113, 72 So. 16; El Paso Electric Ry. Co. v. Benjamin (Tex. Civ. App.) 202 S. W. 996; Erwin v. Traud, 90 N. J. Law, 289, 100 A. 184, L. R. A. 1917D, 690.

■■ The collision here occurred at a busy intersection of business streets, at about 9:30 o'clock in the morning. When the street car was 71 feet west of the intersection, the bus could have been seen as far as 60 feet north of the tracks. The heavier cross traffic was coming from the motorman's right, while the bus approached from his left. There is a sharp conflict in the testimony as to the other facts. But there is testimony that the bus entered the intersection first, the street car then being some distance away, variously estimated as four feet, two and a half bus-lengths, and 200 feet. There is also evidence that the street car entered the intersection at full speed, and at 15 miles an hour. The motorman himself testified that as he approached the intersection, he glanced to the left and that the traffic there was stopped, and that he did not look to the left again until he was into the intersection. The motorman, it is true, could not look both ways at once; it is also true that his attention was primarily directed to the right, both because of the ordinance and because the traffic was heavier from that side. But if the testimony of appellant's witnesses is believed, the motorman entered a crowded intersection at 15 miles an hour (22 feet a second) with only one glance to the left, and that when he was so far away he did not see a bus visible for 60 to 70 feet. We are of the opinion that from these facts, if believed, the jury might reasonably conclude that the motorman was negligent in not slowing down the speed when traffic was so heavy he could not look both ways. If there was negligence in this respect, it concurred with that of the bus driver to the injury of appellant, and is a proximate cause thereof, for obviously the readily foreseeable result of entering a crowded intersection at too high a speed, or without an adequate lookout, is that some one would be injured, by collision or otherwise. One guilty of negligence is answerable for consequences flowing directly from his negligent act which should reasonably have been foreseen, unless the chain of causation is interrupted by an efficient independent cause which was not in itself reasonably foreseeable. Teis v. Smuggler Mining Co. (C. C. A. 8) 158 F. 260, 15 L. R. A. (N. S.) 893, opinion by Judge John F. Philips; Cole v. German Savings & Loan Soc. (C. C. A. 8) 124 F. 113, 63 L. R. A. 416, opin-ion by Judge Walter H. Sanborn; Johns-Manville v. Pocker (C. C. A. 8) 26 F.(2d) 204, opinion by Judge Booth; Davis v. Schroeder (C. C. A. 8) 291 F. 47, opinion by Judge Kenyon; The G. R. Booth, 171 U. S. 450, 19 S. Ct. 9, 43 L. Ed. 234; Armour & Co. v. Harcrow (C. C. A. 8) 217 F. 224; City of Winona v. Botzet (C. C. A. 8) 169 F. 321, 23 L. R. A. (N. S.) 204; Yarn v. Ft. Dodge, D. M. & S. R. Co. (C. C. A. 8) 31 F.(2d) 717. The cases relied upon by appellee, Baltimore & O. Ry. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645; Summers v. Denver Tramway Corp. (C. C. A. 10) 43 F.(2d) 286; Walker v. East St. Louis & S. Ry. Co. (C. C. A. 8) 25 F.(2d) 579, all involve the contributing negligence of the plaintiff. Contributory negligence is not involved in the case at bar, and the cited opinions are therefore not in point.

We conclude that the trial court erred in directing a verdict for appellee. The judgment is therefore reversed, with direction that the cause be remanded to the state district court.

Reversed.